FILED

2023 Sep-28  PM 04:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRIONA HUBBARD** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:23-cv-882-RDP** |
| | } | |
| **ALABAMA POWER COMPANY** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on Plaintiff Brionna Hubbard's ("Plaintiff") Amended Complaint. (Doc. # 4). For the reasons discussed below, Plaintiff's Amended Complaint is due to be dismissed without prejudice.

**I.      Background**

On July 6, 2023, Plaintiff filed this action *pro se* against Alabama Power Company ("Alabama Power"). (Doc. # 1). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* (Doc. # 2), which the court granted. (Doc. # 3). But, in its order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis*, the court directed Plaintiff to file an amended complaint correcting deficiencies in her first complaint. (*Id.* at 2).

Plaintiff filed her Amended Complaint on July 19, 2023. (Doc. # 4). She signed that document "Briana Hubbard UCC1-308." (*Id.* at 5, 9). In her amended pleading, Plaintiff alleges that she is entitled to general damages, a permanent injunction, and equitable relief from damages she allegedly sustained when Alabama Power cut her water off. (*Id.* at 7, 8). According to Plaintiff, Alabama Power breached its contract with her, "engaged in fraudulent conduct subject to 18

U.S.C. § 8 by collecting payments due to the United States," "refused to accept negotiable instrument for payment," and "engaged in deceptive business practice…by violation to adhere to cease and desist letter and notice of their violations which substantially caused financial hardship and severe depression to [P]laintiff." (*Id.* at 6-8).

## II.     Legal Standard

Title 28 U.S.C. § 1915(e)(2), which governs proceedings in IFP cases, requires a federal court to dismiss an action if it (1) is frivolous or malicious or (2) fails to state a claim upon which relief may be granted. The purpose of section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A dismissal pursuant to section 1915(e)(2) may be issued *sua sponte* by the court prior to the issuance of process so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id.*

Additionally, "[w]hen a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists." *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Therefore, a court cannot consider the merits of a complaint unless the court is assured it has subject matter jurisdiction over the allegations. *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); Fed. R. Civ. P. Rule 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

The court recognizes that Plaintiff is appearing *pro se*, that filings by *pro se* litigants are to be more leniently construed, and that such litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, notions of leniency do not excuse a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## III.   Analysis

The court has reviewed Plaintiff's amended complaint and assessed whether her claims are subject to dismissal under § 1915. For the reasons explained below, Plaintiff has not established that she can proceed on any of her claims.

### a.   The court lacks subject-matter jurisdiction over majority of Plaintiff's claims.

"The first principle governing the jurisdiction of federal courts is that federal courts are courts of limited rather than general jurisdiction." *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). Therefore, a federal court is always obligated to examine subject matter jurisdiction *sua sponte* before reaching the merits of any claim. *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Consistent with the notion that federal courts are tribunals of limited jurisdiction, a party bringing a suit must establish that the court has jurisdiction. *Lowery v. Ala. Power Co.*, 483 F.3d

1184, 1207-08 (11th Cir. 2007). So, "[w]hen a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Conclusory allegations are insufficient to meet this burden. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

If a complaint's non-conclusory factual allegations, taken as true, do not establish the existence of subject matter jurisdiction, the court must dismiss the action. See *Travaglio*, 735 F.3d at 1269 ("That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case."); *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam) ("Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." (cleaned up)).

Although her contract and fraud claims seem to arise under state law, Plaintiff has cited several federal statutes in her amended complaint that she believes entitle her to bring this case in federal court.[1] For instance, one of Plaintiff's main allegations against Alabama Power is that the company "fraudulently accept[ed] payments due to the United States as stated in 18 U.S.C. § 8." (Doc. # 4 at 6). In other words, she alleges that Alabama Power had no right to collect the debts at issue here because, according to her, "all '[b]ills' are obligations to the United States." However, 18 U.S.C. § 8 is merely a definitional statute of the United States Code.

> The term 'obligation or other security of the United States' includes all bonds, certificates of indebtedness, national bank currency, Federal Reserve notes, Federal Reserve bank notes, coupons, United States notes, Treasury notes, gold certificates, silver certificates, fractional notes, certificates of deposit, bills, checks, or drafts for money, drawn by or upon authorized officers of the United States, stamps, or other

---

[1] 18 U.S.C. § 8; 29 U.S.C. § 1109; 15 U.S.C. § 1692j; 7 U.S.C. § 13a-1; 15 U.S.C. § 57(b); 33 U.S.C. § 2715; 18 U.S.C. § 1341; UCC § 3-306. (Doc. # 4, pp. 6-8).

representatives of value, of whatever denomination issued under any Act of Congress, and canceled United States stamps.

18 U.S.C. § 8. The statute solely defines "bills" for the purpose of crimes and criminal procedure and, therefore, does not provide a basis for civil liability under this suit. *See Lepre v. US Bancorp*, No. 3:15-CV-00014, 2015 WL 13402143, at *2 (M.D. Pa. Feb. 12, 2015) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("18 U.S.C. § 8….does not confer jurisdiction in that it is merely a definitional term…Further, even if it were a substantiative provision, a criminal statute generally does not provide the basis for civil liability and a private citizen has no standing to enforce a criminal statute.").

Similarly, most of the other federal statutes cited in Plaintiff's amended complaint provide no pathway for her to proceed with her claims in federal court.[2] Nor does the Uniform Commercial Code.[3] In fact, only one statute cited by Plaintiff – 15 U.S.C. 1692j – alleges a possible claim that Plaintiff, a civilian, could bring against Alabama Power in federal court. However, for the reasons discussed in the section below, Plaintiff's claim under 15 U.S.C. 1692j fails because it does not meet the pleading requirements under § 1915(e)(2)(B)(ii).

---

[2] 29 U.S.C. § 1109 (setting out liability under the Employee Retirement Income Security Program for breach of fiduciary duty); 7 U.S.C. § 13a-1 (pertaining to punishment for violations of the Commodity Exchange Act); 15 U.S.C. § 57(b) (pertaining to suits by the Federal Trade Commission against persons, partnerships, or corporations for violations of rules), *see also The Enforcers,* FEDERAL TRADE COMMISSION, https://www.ftc.gov/advice-guidance/competition-guidance/guide-antitrust-laws/enforcers (last visited Sep. 20, 2023) ("Individuals and businesses cannot sue under the FTC Act"); 33 U.S.C. § 2715 (concerning the right to subrogation under the Oil Pollution Liability and Compensation Act for removal costs or damages associated with oil spills). *See Austin v. Glob. Connection*, 303 Fed. Appx. 750, 752 (11th Cir. 2008) (stating that 18 U.S.C. § 1341 is a criminal statute that does not provide for civil remedies).

[3] Plaintiff asserts that Alabama Power "refused to accept negotiable instrument for payment and violated federal code U.S.C. 3-306." (Doc. # 4 at 8). However, as U.S.C. § 3-306 does not exist, this court infers she intended to cite to UCC § 3-306, which states as follows: "A person taking an instrument…is subject to a claim of property or possessory right in the instrument or its proceeds, including a claim to rescind a negotiation and to recover instrument or its proceeds." § 3-306. Claims to an Instrument., Unif. Commercial Code § 3-306. However, the UCC is not a federal statute, but rather is a model of general principles of contract law adopted in various forms by certain states; therefore, a plaintiff cannot assert a federal claim on the basis of the UCC. *Mitchell v. A Plus, LLC*, No. 1:15-CV-0188-TC-WEJ, 2015 WL 13777037, at *4 (N.D. Ga. Feb. 17, 2015).

5

**b.      Plaintiff's allegation under 15 U.S.C. § 1692j is due to be dismissed for failure to state a claim.**

Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). As such, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[ ] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co*., 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff alleges that Alabama Power provided false and deceptive forms to her in violation of 15 U.S.C. § 1692j. (Doc. # 4 at 6). That section makes it:

> unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

15 U.S.C. § 1692j(a).

Further, under subsection j(b), any person or company who violates § 1692j(a) may face civil liability for any actual damages sustained by a person as a result of such failure. 15 U.S.C. § 1692j(b); *see also* 15 U.S.C. § 1692k(a)(1). In other words, "§ 1692j prohibits 'flat rating' or designing, creating, or furnishing forms" that would give Plaintiff the impression that anyone other than Alabama Power was collecting or attempting to collect payments from her. *Gordon v. Wells*

*Fargo Bank NA Inc.*, No. 5:22-CV-458 (MTT), 2023 WL 5487665, at *3 (M.D. Ga. Aug. 24, 2023) (citing *Gallaher v. Ests. at Aloma Woods Homeowners Ass'n, Inc.*, 316 F. Supp. 3d 1358, 1364 (M.D. Fla. 2018)).

However, Plaintiff's amended complaint completely lacks any "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal,* 578 F.3d at 1268 (quoting *Iqbal*, 556 U.S. at 678). Although Plaintiff alleges that Alabama Power "issued deceptive billing statements with the intent to fraudulently obtain money" from her (Doc. # 4, ¶ 18), her amended complaint contains no facts suggesting that Alabama Power created a "false belief in [her] that a person other than the creditor…was participating in the collection of or in an attempt to collect a debt [Plaintiff] allegedly owe[d] such creditor, when in fact such person [was] not so participating." *Stewart v. Bureaus Investment Group, LLC*, No. 3:10-CV-1019-WKW, 2015 WL 7572312, at *20 (M.D. Ala. Nov. 24, 2015) (quoting 15 U.S.C. § 1692j(a)). In fact, Plaintiff's amended complaint clearly states that the payments requested by Alabama Power *are* due to them. (Doc. # 4, ¶ 38) ("Defendant is causing harm such [as] financial hardship and emotional distress by demanding payments which in fact are due to defendant").

It is worth noting that at the same time Plaintiff brought this action against Alabama Power, she also asserted the same claim against another utility provider in a separate filing. *See generally Hubbard v. Gas*, No. 2:23-CV-917-MHH, 2023 WL 5153530 (N.D. Ala. Aug. 10, 2023). In that case, the court concluded that Plaintiff failed to meet the pleading requirements and dismissal was proper under § 1915. *Id.* at *6 (holding that Hubbard failed to plead a plausible claim against Trussville Gas under 15 U.S.C. § 1692j because she did not allege that Trussville Gas created a false belief in her that anyone other than their company was trying to collect an amount due on a gas utility bill). Plaintiff makes that same argument here, and her Amended Complaint is due to

7

be dismissed for the same reason. Accordingly, this court concludes that Plaintiff has not plausibly alleged (indeed, she has not even attempted to allege) that Alabama Power furnished a form giving her the impression that anyone other than that company was attempting to collect the amount due on the bill. *Gallaher*, 316 F. Supp. 3d at 1364. Plaintiff has not stated a claim under 15 U.S.C. § 1692j(a).

## IV.     Conclusion

For the reasons set forth above, the court concludes that Plaintiff has not alleged federal claims that have arguable merit in law or fact. Accordingly, this action is due to be dismissed. A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this September 28, 2023.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE